---

* *In the Matter of the Reconvening of the Grand Jury.*

The Court: The Clerk will swear the new Grand Jurors. (Four additional Grand Jurors were then sworn.)

The Court: Mr. Kligel and Ladies and Gentlemen: I want to make this statement about OPA cases. At the last term, you returned 10 or 11 indictments and it may be that you will be asked at this term to return further indictments for violations of the Price Control Act or OPA regulations, or both.

It is my view, by reason of the events of the last six months or so, that no valid indictment can be returned at this time for violation of OPA regulations. I will state my reasons. The Price Control Act expired on June 30, 1946. Congress had re-enacted the law, the President vetoed it, and Congress did not

**UNITED STATES v. EVANS.**

No. C–16903.

District Court, D. Oregon.

Jan. 10, 1947.

Henry L. Hess, U. S. Atty., Edward B. Twining, and J. Robert Patterson, Asst. U. S. Attys., all of Portland, Or., for plaintiff.

Wyatt Williams. of Portland, Or., for defendant.

McCOLLOCH, District Judge.

On Monday I gave the Grand Jury some reasons* why I felt no further indict-

overrule the veto, so, for the period from June 30, to July 25, when Congress did re-enact the Price Control Act, there was no price control legislation in this country.

The Price Control Act which expired on June 30, contained a provision that on its expiration from whatever cause— I cannot state it literally because I do not have it before me—its terms and regulations and orders promulgated thereunder should be continued for the purpose of sustaining proceedings on account of violations that had previously occurred.

To put it in as simple language as I can, that meant that, even though the Act expired, any violation which had previously occurred might be prosecuted, I take it, either civilly or criminally.

Now, we have a doctrine in the crim-

ments could be validly returned for violation of OPA regulations.

To that statement I desire to add:

■ Congress could not, in my opinion, blow the breath of life into thousands of regulations and orders, as it endeavored to do on July 25, last, when it "amended" the Price Control Act "as of June 30th." 50 U.S.C.A. Appendix, § 901 et seq.,

Aside from this "pig in a poke" method of legislating, which certainly would be unconstitutional under State Constitutions, the principle of division of Federal powers is violated, it seems to me, if we say that Congress can make law, what was merely order and regulation before, keeping in mind that the orders and regulations were of varied character — legislative, executive, judicial.

■ Certainly there is serious doubt of the legality of the bizarre procedure which was adopted, a doubt which defendants in criminal cases are entitled to have resolved in their favor.

inal law that every defendant is entitled to the benefit of a reasonable doubt. It has been argued before me and it has been argued before other Federal Courts in the country that the correct interpretation of that language "for the purpose of sustaining" violations theretofore committed, should be limited to proceedings that were pending at the time. In Government cases, that would mean cases where indictments had previously been returned and the prosecution of them had not been completed.

It seems to me that there is enough in that argument at least to create a reasonable doubt and, therefore, my view would be if the question were raised before me on an indictment returned after that date, that there would be reasonable doubt and, under the law, the defendant would be entitled to that doubt.

Therefore, holding that view, I suggest to you that no further indictments should be returned under the Price Control Act.

Of course, there is the later period, from July 25, to the present time, where it might be charged violations had occurred and, that therefore, you should return indictments, but, for other reasons, Ladies and Gentlemen, that I won't go into at this time, I do not think offenses in that period are legally indictable.